15156

ESSLINGER'S, INC., v. MURRAY BROS., INC.

(11 S. E. (2d), 881)

April, 1940.

*Mr. J. LaRue Hinson,* for appellant,

*Mr. Wilton H. Earle,* for respondent,

November 7, 1940.

The opinion of the Court was delivered by Mr. Chief Justice Bonham.

Plaintiff brought its action to recover the amount of certain merchandise, which it alleges in its complaint it had sold and delivered to defendant.

By its answer, defendant admitted owing the plaintiff $165.37 on account of the merchandise purchased from it, which sum was paid when the case was called for trial. It denied the other allegations of the complaint, and for further answer, alleged that by direction of the agent of the plaintiff it delivered the remainder of the merchandise, so purchased of plaintiff, to J. W. Anderson, of Rock Hill, S. C., and the agent promised that plaintiff would give defendant credit therefor, which would cover defendant's indebtedness to plaintiff except for the sum of $165.37, which it then offered to pay.

The case was tried at the County Court of Greenville. At the close of the testimony, the presiding Judge, Honorable Oscar Hodges, granted the plaintiff's motion for directed verdict for the balance due, to wit, $445.41. Defendant made a motion for new trial. Judge Hodges filed an order April 5, 1940, giving the grounds of his order for directed verdict and refusing the motion for new trial. We are satisfied of the correctness of that order, but it is not amiss to emphasize its correctness by stating further that the defendant, by its own written statements, shows that it did not rely on any statements, if such were made, by John H. Gill, who it attempted to show was the agent of plaintiff and acting within the scope of his authority, when he directed the defendant to deliver the merchandise to J. W. Anderson, of Rock Hill. The correspondence thereabout was begun July 23, 1938. Defendant wrote plaintiff saying: "We have on hand at the present time 106 cases Little Man Ale and 84 cases Esslinger's Beer, which we are unable to dispose of. We are anxious to straighten up our account with you and ask that you please advise us if Mr. Anderson can use any this stock or if you have a

distributor any where else within a reasonable radius who might be able to use. same. We will be glad to truck the Beer and Ale to any other Distributor and will carry what empties we have to Savannah and return them to you from there when your Savannah Distributor makes another shipment."

To this letter plaintiff replied under date of July 26, 1940:

"We have your favor of July 23rd acknowledging receipt of credit memorandum of $502.76 covering delivery made to J. W. Anderson and Company, Rock Hill, South Carolina.

"With reference to the beer and ale you have on hand which you desire we assist you in disposing of, we would advise we have taken the matter up with J. W. Anderson and Company, who. will call on you at his earliest convenience and inspect the products you still have on hand, and if suitable for his use, he may be in a position to dispose of same. Meanwhile, we feel that in view of the balance due on your account being so long over due that you should not withhold settlement further, pending the disposal of the products you have on hand. We would, therefore, appreciate it if you would favor us with a remittance by return mail covering the balance now due on your account.

"Any subsequent arrangements made for the disposal of any products still on hand, we will be glad to reimburse you for as soon as transaction has been completed."

It appears that Murray Brothers billed this merchandise to J. W. Anderson without their consent, but the latter did not accept it, but stored it for the credit of Murray Brothers.

Under date of August 30, 1938, the plaintiff notified the defendant that J. W. Anderson and Company had stored the beer shipped to them by defendant for defendant's credit, and plaintiff continued:

"As we have written you previously, this is your responsibility and payment for same is long past due.

"* * * Irrespective of any arrangements you make with Mr. Anderson a check for the full amount should be sent to us at once."

The exceptions are overruled, and the judgment and order appealed from are affirmed.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.